FILED

2013 Oct-18  PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JONATHAN MARSHALL,          )
                            )
      **Plaintiff,**          )
                            )
      **vs.**          )     **Case Number  2:12-CV-2840-SLB**
                            )
**FORESTDALE PIZZA, INC.,**          )
                            )
      **Defendant.**          )

## <u>MEMORANDUM OPINION</u>

The case is presently pending before the court on the parties' Amended Joint Motion for Approval of Settlement.  (Doc. 17.)  For the reasons set forth below, the court find the parties' Joint Motion is due to be granted.

The court notes:

[T]he FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

     The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment.  *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context.  The employees are likely to be

represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have submitted their Settlement and General Release Agreement to the court.  According to terms of the parties' Agreement, plaintiff received $400.00 in settlement of his FLSA claims for unpaid overtime and unpaid minimum wages.  In their Joint Motion, the parties state:

3.   David R. Arendall, counsel for Marshall, and David B. Walston, counsel for Forestdale Pizza, have carefully reviewed the payroll records of Forestdale Pizza and have reached the following conclusions:

a.   If the time and tips electronically recorded by Forestdale Pizza are accurate, the compensation Forestdale Pizza paid to Marshall, whether calculated under the standard formula or a tipped employee formula, fully complies with the overtime and minimum wage provisions of the FLSA.

b.   If Marshall is not a "tipped employee" under the FLSA, and one hour is added to the time electronically recorded for each shift worked by Marshall, he would be entitled to $270.80 in overtime compensation and $220.72 as compensation under the minimum wage provisions of the FLSA for total compensation of $ 491.51.

2

(Doc. 17 ¶ 3.)  The entire $ 400 is to be paid to the State of Alabama pursuant to pre-existing lien.

The Agreement also provides for attorneys' fees and costs of $ 2,000 for plaintiff's attorneys.  Neither the Joint Motion nor the Agreement indicates that the parties separately negotiated this fee.

The court finds that plaintiff's claims represent bona fide disputes, namely whether plaintiff was a tipped employee and the number of hours worked off the clock and/or over forty hours per week, if any.  Given the relatively low settlement figure and the failure to include an amount of liquidated damages, the court presumes plaintiff's counsel, who are experienced in this area of the law, must have found the evidence in support of plaintiff's claims to be lacking.  Based on the parties' representations, the court finds that the parties' settlement amount is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Amended Joint Motion for Approval of Settlement, (doc. 17), will be entered contemporaneously with this Memorandum Opinion.  The court notes that the parties have filed a Joint Stipulation for Dismissal of Claims Asserted Under the Family Medical Leave Act.  (Doc. 13.)  The court will enter an Order dismissing this claim with prejudice.

**DONE**, this 18th day of October, 2013.

Sharon Lovelace Blackburn

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE